[Civ. No. 2516.   First Appellate District.—September 25, 1918.]

## W. H. WRIGHT et ux., Respondents, v. YOSEMITE TRANSPORTATION COMPANY, Appellant.

Negligence — Common Carrier — Duty to Passenger.—A carrier of persons for reward must use the utmost care and diligence for their safe carriage.

Id.—Injury to Passenger — Stage Going Off Grade — Burden of Proof.—In an action against a common carrier for damages sustained by a passenger on defendant's stage, which went off the grade, the burden of proving itself free from negligence rested on the defendant after the plaintiff had introduced evidence showing the circumstances surrounding the injury to the passenger.

APPEAL from a judgment of the Superior Court of Mariposa County.   J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, James Walter Scott, and F. P. Tuttle, for Appellant.

R. C. Gortner and John A. Wall, for Respondents.

BEASLY, J., pro tem.—This was an action in which the plaintiffs, who are husband and wife, obtained a judgment against the defendant, Yosemite Transportation Company, for three thousand five hundred dollars for injury to the wife suffered in an accident by which one of the defendant's stages went off the grade between Camp Curry and El Portal, in the Merced Canyon, in Yosemite Valley, on the tenth day of July, 1910.   As will be indicated by the length of time since the accident, the case has a history.   This and a companion case by Wright against the company for the injuries to his wife were

tried originally before a jury in the superior court of Mariposa County, Judge Trabucco presiding, and resulted in a judgment in favor of the company in the case we are now discussing. The plaintiffs moved for a new trial on various grounds, and the trial judge granted the motions, whereupon an appeal was taken from the order, and the matter was decided in the district court of appeal for the third district in the case entitled as above, and reported in 28 Cal. App. 279, [152 Pac. 54]. It was contended on that appeal by the Wrights that the trial court was warranted in granting the new trial upon the ground that from the evidence the jury should have found a verdict in their favor. Necessarily this involved passing upon the question of whether the evidence was sufficient to warrant such a verdict; and in that case Mr. Justice Hart, in an elaborate opinion, held that the trial court was justified in granting the new trial upon that ground, and therefore sustained the order appealed from. The case was returned to the superior court of Mariposa County for a second trial, and was tried before Judge Trabucco sitting without a jury, and the judgment from which this appeal is taken was in due course given by him.

We have examined the evidence upon the second trial with care. While stated in different language from that of the opinion of Mr. Justice Hart, above referred to, the evidence at the second trial does not in effect differ from the evidence as recited by him, and we are not disposed to quarrel with the conclusion which he reached. The only point insisted upon here is that the findings of negligence on the part of the stage company are not supported by the evidence. "A carrier of persons for reward must use the utmost care and diligence for their safe carriage." (Civ. Code, sec. 2100.) The burden of proving itself free from negligence rested upon the defendant in this case after plaintiffs had introduced their evidence showing the circumstances surrounding Mrs. Wright's injury; and even if we were disposed to question the conclusion reached by the appellate court for the third district on that point, we are still not convinced that the defendant established its freedom from negligence by a preponderance of the evidence.

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., pro tem., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 25, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1918.